ROSE & McDONALD *v.* WEINBERGER & COMPANY.

The question of the ownership of the goods being a material one, it was error to exclude the evidence which was offered, it being such as tended to show that the plaintiffs in the original suit, at the time of the sale, were the agents of the original shippers, acting under a del credere commission.

Argued January 7, — Decided January 25, 1901.

Complaint.　Before Judge Reid.　City court of Atlanta.　May 10, 1900.

The following is a recital of the testimony which was offered and excluded: The plaintiffs, a firm composed of Weinberger and Laux, were engaged in the business of fruit and produce brokers, commission merchants and dealers in fruit and produce. Weinberger testified: After the transaction had been completed between defendants (Rose & McDonald) and ourselves, the car of fruit belonged to them; prior to that time it belonged to our principals, Pinkham & McKevitt, of Vacaville, California, and the moment it was sold it became the property of defendants, and plaintiffs immediately owed their principals the price; because, when property like that is consigned to a firm, the moment the firm sells it the party who has consigned it looks to nobody but the firm to whom it is consigned, and it is treated as if bought by the firm to whom it is consigned, and is to be paid for by them. As in this instance this fruit was consigned to us, the very moment we sold it we became buyers from the party who shipped it to us, and we owed to the shipper the price. It was not bought in writing by the plaintiffs. It was consigned to them as above detailed, which is the method of doing business here. Consignments of this sort are not treated as special deposits of goods, but are treated when sold as the property of the commission merchant who sells them. "He is looked to by the party to whom he sells as the responsible party by his customer who ships them to him and to him alone."

Laux testified: The car of fruit in question was shipped by Pinkham & McKevitt to plaintiffs on a commission basis, plaintiffs at all times selling the fruit, assuming all the risk and responsibility as to credit, remitting promptly, with account of sales for same, to Pinkham & McKevitt. The fruit so shipped was made up of different varieties, packed by different growers and packers who were all represented by Pinkham & McKevitt. Our arrangement with them was, to sell to best advantage, plaintiffs assuming all risk and responsibility as to credits, remitting proceeds immediately, with account sales, on a commission basis. The car of fruit in question was not ordered by plaintiffs. It was shipped to them on commission by Pinkham & McKevitt, to be sold for their account by plaintiffs. They always advised us by wire of the date of the shipment,

and also gave us an idea of the contents of the car. From time to time we would request them to rush shipments; but according to our arrangement there was no question of giving orders. This car was an open shipment, the same as all others, to be sold by us. We had no instructions as to the price at which we should sell. The sale was made and the car paid for immediately. Under our contract with Pinkham & McKevitt, we were to pay net to them the net proceeds of the car, we charging our commission and assuming all risk as to credits. We had no contract whatever as to when or how we should pay for any car shipped by them to us. They had no information whatever as to who the purchaser was, prior to the sale nor until this suit. We collected the purchase-price, charged the usual commission, and assumed all risk as to credits; and in this way we became liable to Pinkham & McKevitt for the payment of the car as soon as sold, because of our agreement for commission and costs. We expected to make something out of this transaction between ourselves and Pinkham & McKevitt, by selling on a commission basis, charging our commissions for selling the goods, and assuming the risk of credits. The agreement as to what profit or compensation our firm should have out of this transaction was the same as in all other cases,—we charging the usual commission and expenses for selling to the best advantage, assuming all the risks of credits, remitting promptly, with account sales. The commission we were paid covered the usual commission merchant's services for selling to best advantage, at all times realizing the best market prices, assuming all risks, making prompt sales and remittances.

*Rosser & Carter*, for plaintiffs in error.

*W. H. Terrell*, contra.

LITTLE, J. The defendants in error instituted an action against Rose & McDonald to recover the value of a car-load of fruit purchased by the latter under a certain contract which is fully set out in the report of the case when it was here before. 108 *Ga.* 533. The judgment under that writ having been reversed, the case was again tried, resulting in the direction of a verdict for the plaintiffs; to which direction the defendants excepted. They also assign as error the exclusion of certain evidence offered to sustain their pleas. The main issue to be determined as fixing the rights of the parties was, whether plaintiffs were the owners of the fruit, or whether it

belonged to Pinkham & McKevitt at the time of the purchase by
Rose & McDonald. It was stipulated in the contract of sale to
Rose & McDonald that the fruit was to be shipped to them "F. O.
B. California, buyer's risk, California weights." The term "buyer's
risk" in this contract, as interpreted by this court in its prior de-
cision, did not impose on the purchasers the assumption of the risk
of any damage which resulted from improper packing or shipping
in a defective car, if the seller was himself the owner and shipper.
It was also ruled that if Weinberger & Co. were the owners of the
fruit at the time they sold it to the plaintiffs in error, the latter un-
der their contract would have no defense to the action, but that if
Pinkham & McKevitt were the owners, then the purchasers would
be let into the defense that the fruit, at the time they received it,
had greatly depreciated in value, because of improper packing in a
defective car. In the trial now under review the trial judge ruled
that certain evidence offered by the defendants did not tend to show
that Pinkham & McKevitt were the owners at the time of the pur-
chase, and therefore excluded it. The evidence offered was, in part,
substantially that Weinberger & Co. were fruit and produce brok-
ers, commission merchants and dealers in fruit, in New Orleans;
that the car of fruit was shipped to them by Pinkham & McKevitt,
of Vacaville, California; that, under the terms of the shipment,
Weinberger & Co. were to sell the fruit to the best advantage and
to assume all risk and responsibility as to credits, and were to re-
mit proceeds immediately with accounts of sale on a commission
basis; and that the fruit was to be sold by Weinberger & Co. for the
account of Pinkham & McKevitt. No instructions were given as to
the price at which the fruit should be sold, but Pinkham & Mc-
Kevitt were to receive the net proceeds of the sale.

We are of the opinion that the trial judge erred in excluding
from the jury the evidence which was offered. If true, it was suf-
ficient to authorize a finding that the defendants in error were not
the owners of the fruit at the time of the purchase, but that the
original shippers, Pinkham & McKevitt, were the owners as a mat-
ter of law. We have not attempted to set out in detail all the
evidence which was rejected, but taken as a whole it would seem
to establish the status of Weinberger & Co. to be that of agent with
a del credere commission in relation to the sale of the fruit. It
altogether fails to show the elements necessary to constitute a sale

by Pinkham & McKevitt to Weinberger & Co.   We have been referred by counsel for the defendants in error to the case of *Snelling* v. *Arbuckle,* 104 *Ga.* 362, as an authority under which the rejected evidence should have been excluded; but there are several material differences between the contract offered to be proved by the excluded evidence and that shown in the *Arbuckle* case.   Under the former the defendants in error were never to remit to Pinkham & McKevitt for the car-load of fruit until a sale had been made; under the latter the consignee agreed that at the expiration of sixty days from date of consignment he would remit to Arbuckle full payment for the entire consignment, regardless of the fact whether the goods of which such consignment consisted had been sold by him or not.   Certainly when the consignee had paid the full value of the goods they were his without regard to the form of the contract which existed between them, notwithstanding it was called a consignment.   It is not an uncommon thing for a commission merchant who may, unless it be otherwise stipulated, sell on reasonable and proper credit, to guarantee to the consignor payment for the articles consigned, when sold, or to guarantee all credits; if he does so, neither fact changes his relation, and the consignor has a right to look to the merchant for payment, notwithstanding the latter has not been paid, but the right to do so does not exist until the goods are sold.   Such guaranty does not make the merchant a purchaser, but he remains the agent of the consignor to sell.   The obligation to pay for the goods arises under the contract of guaranty only when the goods are sold ; and while the consignor, being the owner, could, notwithstanding the guaranty, look to the purchaser for payment in the event he does not pay the agent according to his contract, he is not bound to do so, as under a contract of this character the agent is liable whether in fact he collects the purchase-price or not.   See *Holleman* v. *Bradley Fertilizer Co.,* 106 *Ga.* 156; Mechem on Agency, § 14.

The court erred in excluding the evidence sought to be introduced.

*Judgment reversed.   All the Justices concurring.*